IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROOSEVELT M. WILLIAMS,

                    Plaintiff,

    v.

JUDY SMITH, JEFFREY L. FREUNA,
CAREY A. HALVERSON, CHRISTOPHER MUSHA,
KEITH E. POND, RUSSELL J. POTRATZ,
ERIC D. SCHROEDER, JAMES A. ZANON,
SANDY HABECK, and DESIGN SPECIALTIES, INC.,

                    Defendants.

ORDER

14-cv-789-jdp

---

Plaintiff Roosevelt M. Williams, a prisoner at Waupun Correctional Institution, alleges that when he was incarcerated at Columbia Correctional Institution, defendant prison officials allowed him to eat a meal from a food tray that was damaged, resulting in him ingesting particles from the tray and becoming seriously ill. He is also proceeding on a state-law products liability claim against defendant Design Specialties, Inc.

The various state-employee defendants have filed a motion for summary judgment. Dkt. 104. Design Specialties filed its own motion for summary judgment stating that it is not the manufacturer of the food trays, Dkt. 55, and it followed up with another summary judgment motion, Dkt. 101, in which it contends that the case should be dismissed because Williams has not disclosed any expert witnesses.

Williams has not yet responded to the summary judgment motions. The parties have filed several motions that I will address below. In particular, Williams seeks an extension of his summary judgment response deadlines, which I will grant, giving him a final chance to file his materials opposing the summary judgment motions.

## A. Williams's motions regarding state defendants

Williams previously stated that prison staff confiscated his legal materials from his jailhouse lawyer, Oscar McMillian. I directed the state to work with Williams to identify his documents and report back whether it had returned them, or show cause why I should not order them returned. Dkt. 99, at 4. Before the state responded, Williams filed a motion asking for injunctive relief, stating that more of his legal materials have been confiscated, in retaliation for him filing this lawsuit. Dkt. 100.

The state responded to my order by attaching an information-request form submitted by Williams, in which he asks for the return of accordion folders containing printouts of caselaw research. Dkt. 114-1. Defendants say that returning documents *by folder* is no longer possible: DOC officials destroyed the folders organizing McMillian's boxes of materials because McMillian had reinforced the folders with contraband box tape. Dkt. 115, at 1–2. They also say that 100 to 200 pages of McMillian's materials were destroyed because they were mold-stained. They say that they directed Williams to tell them what cases he had printed out, but that he had not yet responded. *Id.* at 2.

Williams replies that it is unreasonable to expect him to identify a list of individual cases he needs to recover from McMillian's files. *See* Dkt. 117. I agree that a pro se plaintiff cannot be expected to remember the names of the cases he printed out. He also questions why McMillian had previously been described as having many boxes of legal materials when now the state says that he has about two boxes of caselaw printouts, and how McMillian could be over the property limit if he had only these two boxes. Williams also says that the destruction of the taped folders was unfair given that McMillian was previously allowed to possess those folders. I take the state to be focusing on the number of caselaw printouts because that is the

type of document that Williams requested. And, as I previously explained, this case is not directly about how McMillian has been treated; the relevant question is whether Williams's right of access to the courts is being violated by the DOC. I conclude that Williams has raised a legitimate concern about the deprivation of his legal research. Perhaps because of these difficulties, Williams filed a motion for a 40-day extension of time to file his response to the state defendants' motion for summary judgment. Dkt. 124.

Williams has also filed a letter, Dkt. 160, that I will construe as a motion to reinstate his legal loan after it was discontinued because he made canteen purchases. *See* Dkt. 160-3 and 161-1, at 1–3 (records showing three canteen purchases totaling $2). There are few circumstances under which a federal court may require prison officials to provide legal loans to a prisoner. *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); *Ripp v. Nickel*, 838 F. Supp. 2d 861, 866 (W.D. Wis. 2012). This case might be one of them, primarily because prison officials appear to have made it next to impossible for Williams to recover his legal research from McMillian's files. Defendants suggest that one option for Williams is for him to use his law library time to recreate his legal file. But without a legal loan it does not look like Williams has more than minimal funds with which to do that and file his summary judgment opposition materials, regardless whether Williams made what appears to be a handful of small canteen purchases.

I will grant Williams's motion for an extension of time to file his opposition materials. And I will give defendants a short time to respond to this order by explaining how much law library time Williams will be given over the next couple of months given his summary judgment deadline, and whether he will be allowed legal loans or whether there is some other mechanism by which he will have resources for writing utensils, paper, and copying funds.

**B. Motion to compel Design Specialties**

Williams has filed a second motion to compel defendant Design Specialties to respond to discovery requests. Dkt. 120. Williams has also filed a motion to stay his summary judgment response deadline pending receipt of these materials. Dkt. 121.

I denied Williams's first motion to compel discovery of documents about safety issues and complaints concerning the trays. Dkt. 99, at 5–6. Design Specialties said it did not have those records because it did not manufacture the trays. It says that it merely distributed trays that a company called Rogers Manufacturing manufactured. Williams theorizes that Design Specialties controls this information and should be able to obtain it because it is a subsidiary of Rogers Manufacturing. Some of the information provided by Design Specialties suggested that the companies may have a close relationship. I told Williams that he was free to make further discovery requests aimed at understating the relationship between Design Specialties and Rogers. *Id.* at 6.

Williams made further discovery requests for documents showing agreements between the two companies for Design Specialties to sell Rogers's products. It does not appear that Design Specialties formally responded to the discovery requests. But its response to Williams's motion, Dkt. 122 and Dkt. 123, makes clear that its position is that it simply does not have the documents Williams seeks because it and Rogers are not related companies, and there are no other documents memorializing an agreement to distribute Rogers's products. Design Specialties should have directly told Williams this in responses to the discovery requests. But I conclude that their response to the motion to compel suffices to answer Williams's requests. So I will deny Williams's motion to compel.[1]

---

[1] My denial of Williams's motion to compel does not mean that Williams is foreclosed from

Williams filed what he calls an "objection" regarding Design Specialties' response, saying that he never received a copy of those documents, and he asks for an order directing Design Specialties to prove that it indeed originally mailed him a copy. Dkt. 129. I will deny that motion because Design Specialties already produced certificates of service showing that it mailed Williams copies.

Design Specialties followed up by stating that it would send Williams new copies. But Williams apparently didn't receive the new copies either. Williams filed what he calls a motion to strike Design Specialties' opposition to his motion to compel, stating that he still has not received its opposition documents. He also asks the court to strike Design Specialties' summary judgment motion as a sanction. Dkt. 134.

I will not strike any of Design Specialties' filings from the record. It is unclear why Williams has received other documents in the case but not this specific set. There is no reason to doubt Design Specialties' certificates of service for the two times they mailed these documents to Williams, and there is no need to hold a hearing to investigate precisely what happened. Rather than have Design Specialties try to send these documents yet again, I will direct the clerk of court to send Williams a copy of those documents. And I will grant his motion for an extension of time to file his summary judgment opposition materials.

I note that in his motion to strike, Williams also objects to Design Specialties' proposal for Williams authorizing the release of protected health information, stating that it is too broad, in particular including the potential release of HIV/AIDS records. The parties have not

---

seeking information in other ways. For instance, Design Specialties says that it does not have any more information regarding complaints about or problems with the trays at issue here, but Williams would still be free to seek that information from Rogers by requesting a subpoena under Federal Rule of Civil Procedure 45.

followed up on this issue. If any of the defendants believe that their ability to litigate the case is hindered by Williams's refusal to share medical records, they may file a motion about it. I would not force Williams to authorize the release of his medical records, but because the case does involve the harm he suffered from ingesting tray particles, I would require him to either share relevant medical information or have his case dismissed: defendants have the right to discover relevant information to oppose this lawsuit. But I stress the word "relevant" because defendants have the right to discover only medical information that is related to the claims at issue. It is hard to imagine HIV/AIDS records—or records about many other types of maladies—to be relevant to this case.

C. Recruitment of counsel

Williams has renewed his motion for the court's assistance in recruiting him counsel. Dkt. 162. I previously denied his motion in conjunction with dismissing his original complaint for failing to comply with Federal Rule of Civil Procedure 8. Dkt. 19, at 4–5. I have already concluded that Williams has shown that he has made reasonable efforts to locate an attorney on his own. *Id.* But I am not yet convinced that the case will be too difficult for him to handle.

Williams says that he has a third-grade education level, that it is difficult for him to litigate the case as an indigent prisoner, and that the case may involve complex medical, scientific, and business-law issues. But Williams's relative lack of education and litigation abilities are relatively common among prisoner plaintiffs in this court and are not themselves enough to distinguish Williams from dozens of other inmates seeking assistance from a limited pool of potential lawyers.

Williams has already litigated a case through summary judgment in this court, *Williams v. Fry*, No. 15-cv-212-jdp, 2017 WL 1194721, at *9 (W.D. Wis. Mar. 30, 2017). Although I

followed up on this issue. If any of the defendants believe that their ability to litigate the case is hindered by Williams's refusal to share medical records, they may file a motion about it. I would not force Williams to authorize the release of his medical records, but because the case does involve the harm he suffered from ingesting tray particles, I would require him to either share relevant medical information or have his case dismissed: defendants have the right to discover relevant information to oppose this lawsuit. But I stress the word "relevant" because defendants have the right to discover only medical information that is related to the claims at issue. It is hard to imagine HIV/AIDS records—or records about many other types of maladies—to be relevant to this case.

C. Recruitment of counsel

Williams has renewed his motion for the court's assistance in recruiting him counsel. Dkt. 162. I previously denied his motion in conjunction with dismissing his original complaint for failing to comply with Federal Rule of Civil Procedure 8. Dkt. 19, at 4–5. I have already concluded that Williams has shown that he has made reasonable efforts to locate an attorney on his own. *Id.* But I am not yet convinced that the case will be too difficult for him to handle.

Williams says that he has a third-grade education level, that it is difficult for him to litigate the case as an indigent prisoner, and that the case may involve complex medical, scientific, and business-law issues. But Williams's relative lack of education and litigation abilities are relatively common among prisoner plaintiffs in this court and are not themselves enough to distinguish Williams from dozens of other inmates seeking assistance from a limited pool of potential lawyers.

Williams has already litigated a case through summary judgment in this court, *Williams v. Fry*, No. 15-cv-212-jdp, 2017 WL 1194721, at *9 (W.D. Wis. Mar. 30, 2017). Although I

granted summary judgment to defendants in that case, his filings in that case and this one persuade me that Williams will be able to set out his version of the facts and present argument in his brief. Without seeing Williams's opposition to the summary judgment motions filed by defendants, I cannot tell whether the case will truly boil down to complex medical or scientific issues. I will revisit this issue if my review of the full summary judgment briefing shows that the assistance of counsel is necessary, but for now, I will deny his motion.

**D. Supplemental motions in limine**

Design Specialties has submitted two sets of motions in limine, Dkt. 147 and Dkt. 150. I will deny those motions without prejudice pending resolution of the summary judgment motions. Should Williams's claim against Design Specialties survive summary judgment, I will set new pretrial disclosure and objection deadlines.

ORDER

IT IS ORDERED that:

1. The state defendants may have until February 8, 2019, to respond to this order about Williams' access to the law library and resources for materials to complete his summary judgment response.

2. Plaintiff's motion to compel discovery response, Dkt. 120, is DENIED.

3. Plaintiff's motion for an order directing defendant Design Specialties to prove that it mailed him a copy of its opposition to his motion to compel, Dkt. 129, is DENIED.

4. Plaintiff's motion to strike, Dkt. 134, is DENIED.

5. The clerk of court is directed to send plaintiff copies of Dkt. 122 and Dkt. 123.

6. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 162, is DENIED without prejudice.

7. Design Specialties' motions in limine, Dkt. 147 and Dkt. 150, are DENIED without prejudice.

8. Plaintiff's motions for extension of his summary judgment response deadlines, Dkt. 121 and Dkt. 124, are GRANTED.

9. Plaintiff may have until March 4, 2019, to file his materials opposing the motions for summary judgment filed by both sets of defendants. Defendants may have until March 14, 2019, to file their respective replies.

Entered January 25, 2019.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge